IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JEROME HOWARD,

    Petitioner

VS.

DON JARRIEL,

    Respondent

NO. 3:07-CV-21 (CDL)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent DON JARRIEL'S MOTION TO DISMISS the instant action in which petitioner JEROME HOWARD seeks federal habeas corpus relief. Tab #12. The respondent's motion avers that the petition is untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 as codified at 28 U.S.C. §2244(d). Petitioner Howard has responded to Terry's motion. Tab #14.

### FACTS

Petitioner Howard was convicted of Possession of Cocaine with Intent to Distribute in October of 1999. The conviction was affirmed on July 8, 2003, and Howard did not move for rehearing or pursue any discretionary appeal. On June 21, 2004, Howard filed a state habeas corpus action which was denied on January 14, 2005. Howard filed a certificate of probable cause to appeal with the Georgia Supreme Court, but the certificate was dismissed as untimely. Petitioner then filed the instant federal action on January 30, 2007.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

>   *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
>   *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
>   *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
>   *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## **DISCUSSION**

The petitioner argues that the §2244 limitations period was tolled until his certificate of probable cause to appeal was denied on March 28, 2006, and cites ***Carey v. Staffold***, 536 U.S. 214 (2002), in support of his contention. However, the petitioner's interpretation of *Carey* is in error.

In *Carey*, the Supreme Court found that a state habeas proceeding is pending for §2244 purposes while the conviction is being *properly* appealed in the state system. However, the petitioner does not address the fact that his certificate of probable cause to appeal was denied as untimely filed at the state level. Because that filing was not timely filed, the petitioner's case was not pending before Georgia courts at any time after February 13, 2005, the last day on which the petitioner could have filed a timely certificate of probable cause. Indeed ,there would be no point in having a limitations period at all if a petitioner were permitted to circumvent that rule by making an untimely or inappropriate filing in state court after his state proceedings had closed.

Because the period of time between February 13, 2005, and the date on which the instant petition was filed is in excess of one year, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *with prejudice* as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 10th day of MARCH, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE